IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SIERRA CLUB, | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 6:13-cv-00356-JHP |
| | ) | |
| v. | ) | Judge James H. Payne |
| | ) | |
| OKLAHOMA GAS AND ELECTRIC COMPANY, | ) ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

**JOINT STATUS REPORT**

Pursuant to Federal Rules of Civil Procedure 26(f) a meeting was held by telephone on April 30, 2014 at 1:00 p.m. CST.  Plaintiff appearing by counsel Brian Murray and Charles Wehland and Defendant appearing by counsel David Bender and Jacquelyn Dill.

1. Summary of Claims:

    Plaintiff claims that Defendant has violated and is violating the Clean Air Act ("CAA") by emitting air pollution in amounts that violate permit PSD-OK-57 (March 1978), which was issued pursuant to Part C of Subchapter I of the Act.  (Compl. ¶ 3.)  Plaintiff requests declaratory, injunctive, and monetary relief, including costs and attorney fees.  (Compl. at Request for Relief.)

2. Summary of Defenses:

    Defendant asserts that all of the claims are barred by a previous settlement of similar claims against Defendant asserted by Oklahoma Department of Environmental Quality.  To the extent any of the claims are not barred, Defendant asserts that its emissions were in compliance with applicable law, including allowances for emissions during periods of startup, shutdown and malfunction.

3. Stipulations:

    A. Jurisdiction Admitted:   __X__ Yes  _____ No

    Explain:  *See* 28 U.S.C. § 1331 (federal question); 42 U.S.C. § 7604(a)(3) (Clean Air Act jurisdiction)

    B. Venue appropriate:   __X__ Yes  _____ No

    Explain:  *See* 42 U.S.C. § 7604(c)

    C. Facts:

       i. OG&E owns and operates a power plant in Muskogee, Oklahoma, which consists of three steam turbine generating units fired primarily on subbituminous coal.
       ii. In 1978, EPA issued permit PSD-OK-57 to authorize the construction of Unit 6 at the Muskogee plant.
       iii. The permit includes emission limits for opacity and total suspended particulate matter.
       iv. The Complaint alleges that Unit 6 has emitted air pollution in amounts that violate the emission limits in the permit.

    D. Law:  42 U.S.C. §§ 7604, 7413 (CAA); OAPCR 1.4.4.

4. Discovery Plan:  The parties jointly propose to the Court the following discovery plan:

    Discovery will be needed on the following subjects:

       i. What are the alleged TSP and opacity emission exceedances and whether any defenses are available (*e.g.* startup, shutdown and malfunction).
       ii. The appropriate measures that could be ordered by the Court to enjoin and/or remedy any Clean Air Act violations found.

    All discovery commenced in time to be completed by a date 14 days prior to the final Pretrial Conference.

    Maximum of twenty-five (25) interrogatories by each party to any other party.  Responses due thirty (30) days after service.

    Maximum of fifty (50) requests for admission on fact issues by each party to any other party.  Unlimited requests for admission on evidentiary issues by each party to any other party.  Responses due thirty (30) days after service.

    Maximum of ten (10) fact depositions by plaintiff and five (5) by defendant.

    Each fact deposition limited to a maximum of seven (7) hours unless extended by agreement of parties.  Each expert deposition limited to a maximum of fourteen (14) hours unless extended by agreement of parties.

5. All parties consent to trial before Magistrate Judge?

    _____ Yes     ____X____ No

6. Settlement Plan:

    Settlement Conference requested after the Court's ruling on Defendant's

forthcoming Motion for Summary Judgment.

7. Estimated Litigation Costs:

   A. Plaintiff

   | | | |
   |---|---|---|
   | (1) Through discovery cutoff | | $ 160,000 |
   | (2) Discovery cutoff through trial | | $ 60,000 |
   | (3) Appeal | | $ 15,000 |
   | | Total | $ 235,000 |

   B. Defendant

   | | | |
   |---|---|---|
   | (1) Through discovery cutoff | | $ 281,000 |
   | (2) Discovery cutoff through trial | | $ 127,000 |
   | (3) Appeal | | $ 121,000 |
   | | Total | $ 529,000 |

   **GRAND TOTAL (All Parties)**        $ 764,000

8. Actual amount in controversy

   Civil penalties up to $37,500 per day ($13,687,500 per year) per violation. The total will depend on the number of days of violation proven for each type of violation.

9. Additional Factors:

   Defendant plans to file a Motion for Summary Judgment based on its previous settlement of similar claims with Oklahoma Department of Environmental Quality in the near future. The Court's ruling on that motion could have a significant impact on the approach suggested by this Joint Status Report.

APPROVED BY:

| | |
|---|---|
| s/ Jacquelyn Dill<br>Jacquelyn Dill<br>DILL LAW FIRM, PC<br>12101 N MacArthur Blvd, Ste 200<br>Oklahoma City, OK 73162<br>Telephone:  (405) 722-9600<br>Fax:           (405) 694-4568<br>jdill@dilllawfirm.com<br><br>David C. Bender<br>MCGILLIVRAY WESTERBERG & BENDER<br>211 S Paterson, Ste 320<br>Madison, WI 53703<br>Telephone:  (608) 310-3560<br>Fax:           (608) 310-3561<br><br>*Counsel for Plaintiff Sierra Club* | s/ Brian J. Murray<br>Brian J. Murray<br>   bjmurray@jonesday.com<br>Charles Wehland<br>   ctwehland@jonesday.com<br>JONES DAY<br>77 West Wacker Drive, Suite 3500<br>Chicago, Illinois  60601-1692<br>Telephone:  (312) 782-3939<br>Fax:           (312) 782-8585<br><br>Donald K. Shandy (OBA No. 11511)<br>   DShandy@ryanwhaley.com<br>Patrick R. Pearce, Jr. (OBA No. 18802)<br>   RPearce@ryanwhaley.com<br>RYAN WHALEY COLDIRON SHANDY PLLC<br>119 N. Robinson Avenue, Ste 900<br>Oklahoma City, OK 73102<br>Telephone:  (405) 239-6040<br>Fax:           (405) 239-6766<br><br>*Counsel for Defendant Oklahoma Gas and Electric Company* |

Dated:  April 30, 2014