# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SIERRA CLUB, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.: 13-CV-356-JHP ) |
| OKLAHOMA GAS AND ELECTRIC COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Before the Court are Plaintiff Sierra Club's Motion for Rule 54(b) Certification (Doc. No. 28); and Defendant Oklahoma Gas and Electric Company's ("OG&E") Response in Opposition thereto (Doc. No. 30). For the reasons set forth below, Sierra Club's Motion for Rule 54(b) Certification (Doc. No. 28) is **DENIED**.

## BACKGROUND

On August 12, 2013, Sierra Club initiated this action under the Clean Air Act's ("CAA") "citizen suit" provision, 42 U.S.C. § 7604, which allows any person to bring an action to enforce the CAA. Sierra Club's allegations stem from OG&E's operation of a coal-fired power plant located in Muskogee, Oklahoma (the "Muskogee Plant"). In its Complaint, Sierra Club asserted two claims: (1) claims for relief based on OG&E's failure to obtain a permit required by the CAA prior to undertaking the modification of certain parts of the Muskogee Plant in March of 2008 ("PSD claims") [1]; and (2) a claim for relief pursuant to 42 U.S.C. § 7604(a)(3), based on emissions of air pollutants at the Muskogee Plant that exceeded the applicable limits on opacity and particulate matter (TSP) set forth in Permit PSD-OK-57 ("Opacity and TSP claim"). On

---

[1] The Court notes that Sierra Club asserts two distinct PSD Claims: (1) a PSD claim for civil penalties, and (2) a PSD Claim for declaratory and injunctive relief.

November 4, 2013, OG&E filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the PSD claim is time-barred pursuant to five-year limitations period prescribed in 28 U.S.C. § 2462, and the Opacity and TSP claim must be dismissed for failure to comply with the pleading standards set out in Fed. R. Civ. P. 8(a)(2). (Doc. No. 17.) On March 4, 2014, this Court dismissed Sierra Club's PSD claim, finding that the statute of limitations had run, but denied the motion to dismiss the Opacity and TSP Claim. (Doc. No. 26.) Then, on April 7, 2014, Sierra Club filed a motion for Rule 54(b) certification of its PSD claim for immediate appeal. (Doc. No. 28.)

## DISCUSSION

Federal Rule of Civil Procedure 54(b) provides, in relevant part, that "the court may direct the entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The Tenth Circuit has instructed that "the district court should act as a 'dispatcher' weighing Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal." *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (citing *Curtiss–Wright corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980)). Courts should be mindful not only of judicial efficiency, but also of basic principles of justifiability that define the "duties of both the district court and the appellate court." *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1095 (2d Cir. 1992). Thus, district courts "should avoid the possibility that the ultimate dispositions of the claims remaining in the district court could either moot [a] decision on the appealed claim or require [the appellate court] to decide issues twice." *Id.*

When considering whether to grant a request for certification under Rule 54(b), a district court must make two determinations.

> *First*, the district court must determine that the order it is certifying is a final order. *Second*, the district court must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case.

*Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (emphasis added and citations omitted). "In order to determine whether an order is 'final' a district court must first consider the separability of the adjudicated and unadjudicated claims." *Inola Drugs, Inc. v. Express Scripts, Inc.*, 390 F. App'x 774, 775 (10th Cir. 2010) (unpublished) (citing *Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005)). In determining whether claims are separable, the Court considers "whether the allegedly separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible." *Id.* at 776 (citations omitted).

The Court finds that Plaintiff has failed to demonstrate that the PSD and Opacity and TSP claims are final for purposes of Fed. R. Civ. P. 54(b) or that there is no just reason for delay. As aptly pointed out by OG&E, there is a factual overlap between the two claims, as well as an overlap in the relief sought. Given this overlap, the Court finds that granting Sierra Club's motion would lead to piecemeal litigation and judicial inefficiency. Accordingly, Rule 54(b) certification of Sierra Club's PSD claim is inappropriate.

## CONCLUSION

For the reasons detailed above, Sierra Club's Motion for Rule 54(b) Certification (Doc. No. 28) is **DENIED**.

**IT IS SO ORDERED** this 7th day of May, 2014.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma