# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SIERRA CLUB, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>OKLAHOMA GAS AND ELECTRIC )<br>COMPANY, )<br>)<br>*Defendant*. )<br>) | No. 6:13-cv-00356-JHP<br><br>Judge James H. Payne |

## OKLAHOMA GAS AND ELECTRIC COMPANY'S
## MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(a), Defendant Oklahoma Gas and Electric Company ("OG&E"), by and through its attorneys, respectfully moves for summary judgment on the remaining claim in Plaintiff Sierra Club's Complaint. OG&E moves for summary judgment on the following grounds:

1. The State of Oklahoma and OG&E have already litigated and resolved the remaining claim that Sierra Club now seeks to assert in this case. Sierra Club is therefore precluded from trying to litigate it again before this Court.

2. In the previous case, OG&E and the Oklahoma Department of Environmental Quality ("ODEQ") entered into a consent order specifically addressing the opacity emissions at Muskogee Unit 6. The consent order precludes Sierra Club from asserting a claim relating to opacity emissions occurring prior to the entry of the consent order because the order—by its very terms—resolved those claims.

3. Sierra Club also cannot assert a claim for opacity emissions occurring after the entry of the consent order because the order continues to impose compliance obligations on OG&E, and the evidence shows that OG&E is meeting those requirements.

4. The evidence also shows that OG&E meets the particulate matter emissions limit in its permit using the test methods prescribed by the permit.  By law, no other evidence of particulate matter emissions can be considered in this proceeding.

5. To the extent Sierra Club wants to use opacity information to demonstrate particulate matter emission limit exceedances, it is unable to do so because of the consent order, and because opacity information simply does not prove an exceedance of the particulate matter emissions limit.

6. There is no genuine issue of material fact as to Sierra Club's remaining claim.  Accordingly, summary judgment for OG&E is required.

## CONCLUSION

WHEREFORE, for the foregoing reasons, and those set forth in the attached Brief in Support of its Motion for Summary Judgment, OG&E respectfully requests that this Court grant its Motion for Summary Judgment.

Date: May 21, 2014                          Respectfully Submitted,

<u>s/ Brian J. Murray</u>
  Brian J. Murray
    bjmurray@jonesday.com
  Charles T. Wehland
    ctwehland@jonesday.com
  JONES DAY
  77 West Wacker Drive, Suite 3500
  Chicago, Illinois  60601-1692
  Telephone:  (312) 782-3939
  Facsimile:   (312) 782-8585

  Donald K. Shandy (OBA No. 11511)
    DShandy@ryanwhaley.com
  Patrick R. Pearce, Jr. (OBA No. 18802)
    RPearce@ryanwhaley.com
  RYAN WHALEY COLDIRON SHANDY PLLC
  119 N. Robinson Avenue, Ste 900
  Oklahoma City, OK 73102
  Telephone:  (405) 239-6040
  Fax:              (405) 239-6766

  *Counsel for Defendant Oklahoma Gas and Electric Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 21, 2014 I electronically transmitted the attached Motion for Summary Judgment to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

    Jacquelyn Dill
    DILL LAW FIRM, PC
    12101 N MacArthur Blvd, Ste 200
    Oklahoma City, OK 73162
    (405) 722-9600
    Fax: (405) 694-4568
    jdill@dilllawfirm.com

    David C. Bender
    MCGILLIVRAY WESTERBERG & BENDER
    211 S Paterson, Ste 320
    Madison, WI 53703
    (608) 310-3560
    Fax: (608) 310-3561

                                  s/ Brian J. Murray
                                  Brian J. Murray